UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA DOUGLASS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 3:17-cv-250 RLM-MGG |
| | ) |
| UNITED STATES POSTAL SERVICE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Joshua Douglass brought a small claims action against the United States Postal Service in Miami Superior Court I for breach of contract, alleging that the USPS refused to send him money owed on an insurance claim. According to that court's case summary, the notice of Mr. Douglass's claim and notice to appear were sent to "USPS Insurance Claim" at an address in St. Louis via certified mail. The USPS didn't appear at the hearing and the Miami Superior Court entered a default judgment against the USPS for the full amount requested, plus interest and costs. Stamps on the notice of claim the USPS filed in this court indicate that the notice of claim arrived at the USPS Law Department in Chicago almost two months after the default judgment was entered.

The USPS removed the case to this court, which has jurisdiction over actions against the USPS. 39 U.S.C. § 409(a). The USPS now asks this court to vacate the default judgment, Fed. R. Civ. P. 60(b)(4), and dismiss the suit, Fed. R. Civ. P. 12(b). The USPS certified that its motion and brief were sent to Mr. Douglass via first-class mail, but Mr. Douglass didn't respond to it.

I. Motion to Vacate

The USPS argues that the default judgment should be vacated because the USPS was improperly served, and so the Miami Superior Court didn't have personal jurisdiction. The court may relieve the USPS of a final judgment if that judgment is void. Fed. R. Civ. P. 60(b). "[A] judgment is void as to any party who was not adequately served." Relational, LLC v. Hodges, 627 F.3d 668, 671 (7th Cir. 2010).

The USPS should have been served as one would serve the United States government. Generally, federal procedure doesn't apply until removal occurs, Fed. R. Civ. P. 81(c), so the court should look to state rules to judge pre-removal service of process. Price v. Wyeth Holdings Corp., 505 F.3d 624, 628 (7th Cir. 2007). But a federal statute dictates how to serve the USPS, and that federal statute requires service in the same way one would serve the United States under the Federal Rules. 39 U.S.C. § 409(b) ("[T]he provisions of title 28 relating to service of process . . . in suits in which the United States . . . [is a] part[y], and the rules of procedure adopted under title 28 for suits in which the United States . . . [is a] part[y], shall apply in like manner to suits in which the Postal Service . . . [is a] part[y].").

The Federal Rules require that a copy of the summons and complaint be sent by registered or certified mail to the United States attorney's office for the district where the action is brought and to the Attorney General in Washington, D.C. Fed. R. Civ. P. 4(i)(1). USPS regulations also provide for the USPS's general counsel to receive process. 39 C.F.R. § 2.2. Mr. Douglass doesn't seem to have

taken either route. By the time the court documents reached the USPS Law Department, the Miami Superior Court had already entered its default judgment.

Without proper service of the USPS, the Miami Superior Court lacked personal jurisdiction over it, and so the default judgment against the USPS is void. Fed. R. Civ. P. 60(b); Relational, LLC v. Hodges, 627 F.3d 668, 671 (7th Cir. 2010); Rabiolo v. Weinstein, 357 F.2d 167, 168 (7th Cir. 1996).

II. Motion to Dismiss

The USPS asks the court to dismiss Mr. Douglass's suit for lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim. Fed. R. Civ. P. 12(b). Insufficient service of process can be enough on its own to dismiss, even though the USPS obviously knows about the suit. Fed. R. Civ. P. 12(b)(5); McMasters v. United States, 260 F.3d 814, 817 (7th Cir. 2001). But the court will give Mr. Douglass time to correct his error and to send notice to the right party before dismissing. Fed. R. Civ. P. 4(m).

The United States government, including the USPS, may only be sued if it consents to be sued. Dolan v. U.S. Postal Serv., 546 U.S. 481, 484 (2006). The USPS argues that this case should be dismissed because it falls under an exception to the waiver of sovereign immunity in the Federal Tort Claims Act. Fed. R. Civ. P. 12(b)(6).

There are two routes to analyze the USPS's sovereign immunity. First, "the Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power to 'sue and be sued in its official name.'" *Id.*

3

(quoting 39 U.S.C. § 401(1)). This general waiver should be construed expansively. U.S. Postal Serv. v. Flamingo Indus., 540 U.S. 736, 741 (2004).

But for tort claims, the Federal Tort Claims Act governs the USPS's immunity. 39 U.S.C. § 409(c); 28 U.S.C. §§ 2671-2680. Claims cognizable under the FTCA should be construed under the FTCA alone. *See* 28 U.S.C. § 2679(a). The FTCA provides a broad waiver of sovereign immunity: "The United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. There's an exception to the FTCA's waiver of immunity for "any claim arising out of the loss, miscarriage or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). The USPS argues that Mr. Douglass's claim falls into this exception to the FTCA's waiver of sovereign immunity, and so his claim is barred.

The glaring problem with this argument is that the FTCA only applies to tort claims. *See* 28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions of this title *relating to tort claims* . . . .") (emphasis added). The USPS doesn't argue why the listed exceptions to the FTCA's waiver would apply to a suit grounded in contract. Mr. Douglass's only claim is for breach of contract for not receiving payment on an insurance claim. The FTCA doesn't impact his suit, which stands firmly under the USPS's general power "to sue and be sued." *Cf.* Anderson v. U.S. Postal Serv., 761 F.2d 527 (9th Cir. 1985) (holding that sovereign immunity barred tort claim for loss of package, but not addressing the breach of insurance contract claim).

4

The USPS doesn't argue that Mr. Douglass must exhaust administrative remedies before suing or that he hasn't done so. Rather, it simply says that "Defendant notes that the United States Postal Service provides an administrative process for insurance claims" and then cites to that process. First, "where Congress has not clearly required exhaustion, sound judicial discretion governs." McCarthy v. Madigan, 503 U.S. 140, 144 (1992). But USPS doesn't say there's an exhaustion requirement here (and, once again, the FTCA's explicit exhaustion requirement, 28 U.S.C. § 2401(b), can't be grafted onto a contract suit). And even if USPS did, exhaustion is generally an affirmative defense. *See* Jones v. Bock, 549 U.S. 199, 212 (2007) (examining exhaustion under the Prisoner Litigation Reform Act). Simply pointing out the existence of an administrative process doesn't mean Mr. Douglass failed to exhaust it.

The court won't grant the USPS's motion to dismiss yet, but will allow Mr. Douglass 21 days to correctly serve process on the USPS. If he doesn't do so, then the court will have to dismiss.

### III. Conclusion

Based on the foregoing, the court:

(1) GRANTS Mr. Douglass 21 days to serve the USPS with process according to Federal Rule of Civil Procedure 4(i)(1). If Mr. Douglass doesn't do this, his case will be dismissed.

(2) GRANTS IN PART the USPS's motion to vacate and dismiss [Doc. No. 4], as to the request to vacate the default judgment.

5

(3) VACATES the default judgment against the USPS.

(4) DENIES IN PART the USPS's motion to vacate and dismiss [Doc. No. 4], as to the request to dismiss Mr. Douglass's claim.

SO ORDERED.

ENTERED: May 22, 2017

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: Joshua Douglass